**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-19-278-D |
| | ) | |
| KELVIN RENARD TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Letter [Doc. No. 34], which the Court construes as a motion for early termination of supervised release. The government has filed a Response to Defendant's Motion for Early Termination of Supervised Release [Doc. No. 36]. In its response, the government notifies the Court that the United States Probation Office for the Western District of Oklahoma objects to Defendant's early termination request due to the seriousness of the instant offense and Defendant's previous violent criminal history. *Id.* at 3.

Defendant is currently serving a three-year term of supervised release that is set to expire in August 2027. Defendant was charged in a two-count indictment with attempted arson, in violation of 18 U.S.C. § 844(i) (Count 1), and possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d) (Count 2). [Doc. No. 1]. Defendant pled guilty to Count 2. [Doc. No. 16]. Defendant was sentenced to 87 months of imprisonment and a three-year term of supervised release. [Doc. No. 27].

1

In the present motion, Defendant states that he has demonstrated full compliance with all conditions of his supervised release. He represents that he has passed every drug test administered, maintained stable housing, and secured a steady income. Further, Defendant is currently undergoing cancer treatment. For these reasons, Defendant asks that the Court terminate his supervised release to focus on his cancer treatment without the burden of continued supervision.

The government opposes Defendant's request. The government further verified with the United States Probation Office that it opposes Defendant's request for early termination of supervised release primarily due to the underlying offense of conviction and Defendant's violent criminal history. As noted by the government, "[t]he nature and circumstances of the offense to which Defendant was convicted and sentenced include throwing three hand-thrown incendiary weapons, commonly referred to a[s] 'Molotov cocktail[s],' into the residence of his former intimate partner." [Doc. No. 36, at 2]. The government also notes Defendant's substantial history of violent offenses and drug crimes. *Id.* at 3.

A district court has discretionary authority to terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervision if, after considering certain § 3553 factors, the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

Upon consideration of Defendant's motion in light of the information provided by the government, the Court finds that early termination of Defendant's term of supervised release is not warranted at this time. In his motion, Defendant asserts that he will be able

to focus fully on his cancer treatment in the event his supervised release is terminated early. However, the Court is confident that Defendant's probation officer will work with Defendant to ensure that the conditions of his supervised release do not impede his medical care. Indeed, such consideration has already been accorded to Defendant.

To be sure, the Court is pleased with Defendant's compliance with his supervised-release restrictions and his commitment to reintegrating into society. However, in light of all the circumstances, the Court declines to terminate Defendant's term of supervision prematurely.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 34] is **DENIED**.

**IT IS SO ORDERED** this 19th  day of March, 2026.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

3